FILED
Clerk
District Court

SEP 29 2011

For The Northern Mariana Islands
(Deputy Clerk)

# UNITED STATES DISTRICT COURT
# NORTHERN MARIANA ISLANDS

September 29, 2011 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

vs.

WEI LIN,

Defendant.

Case Number CR: CR 11-00030

**INDICTMENT**

Count One: Foreign Labor Contracting Fraud Conspiracy (18 U.S.C. §§ 1349 & 1351)

Counts Two–Six: Foreign Labor Contracting Fraud (18 U.S.C. §§ 2 & 1351)

Count Seven: Alien Smuggling Conspiracy—Encouraging (8 U.S.C. § 1324(a)(1)(A)(iv), (v)(I) & (B)(i))

Counts Eight–Twelve: Alien Smuggling—Encouraging (8 U.S.C. § 1324(a)(1)(A)(iv), (v)(II) & (B)(i))

Count Thirteen: Alien Smuggling Conspiracy—Harboring (8 U.S.C. § 1324(a)(1)(A)(iii), (v)(I) & (B)(i))

Counts Fourteen–Eighteen: Alien Smuggling—Harboring (8 U.S.C. § 1324(a)(1)(A)(iii), (v)(II) & (B)(i))

The Grand Jury charges:

Introduction to the Indictment

1. In this Indictment, E.W., X.Z., P.C., H.Z., and M.Z. are Chinese nationals from the People's Republic of China (China), known to the Grand Jury, and are described collectively as the five Chinese nationals. M.Z. is a male, and the four females—E.W., X.Z., P.C., and H.Z.—are described collectively as the four Chinese females.

**COUNT ONE**
[18 U.S.C. §§ 1349 & 1351]
Foreign Labor Contracting Fraud Conspiracy

Introduction to the Foreign Labor Contracting Fraud Conspiracy

2. On December 23, 2008, the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 went into effect and created, among other things, a new federal law that prohibited recruiting, soliciting, or hiring a person outside of the United States for purposes of employment in the United States by means of materially false or fraudulent pretenses, representations, or promises regarding that employment. At all times relevant to this Indictment, and pursuant to Title 18, United States Code, Section 5, the Commonwealth of the Northern Mariana Islands (CNMI) was a place within the United States.

The Foreign Labor Contracting Fraud Conspiracy

3. From on or about July 18, 2010, and continuing to on or about November 6, 2010, defendant WEI LIN, with others known and unknown to the Grand Jury, knowingly and willfully

conspired and agreed together and with each other to commit the substantive offenses alleged and described in Counts Two (2) through Six (6), that is, defendant WEI LIN conspired with others to fraudulently recruit, solicit, and hire a person outside the United States for purposes of employment in the United States by means of materially false and fraudulent pretenses, representations, and promises regarding that employment, in violation of Title 18, United States Code, Section 1351.

<u>The Manner and Means of the Foreign Labor Contracting Fraud Conspiracy</u>

4. In exchange for several thousands of dollars, defendant WEI LIN acted with others to recruit and solicit the five Chinese nationals from China to the CNMI for employment based on materially false promises and representations about their employment opportunities in the CNMI. These false promises and representations included that they would be able to obtain:

a. A work visa after arrival;

b. Salaries of over $1,000.00 USD per month; and

c. Employment as a waitress, cleaner, or taxi driver.

5. In July and August of 2010, and while he was in the CNMI, defendant WEI LIN called one or more of the five Chinese nationals in China to encourage them to come to the CNMI.

6. In August and September of 2010, defendant WEI LIN, with help from others, picked up the five Chinese nationals at the Saipan International Airport.

7. Shortly after their arrival, and in addition to other fees already paid or to be paid, defendant WEI LIN collected over $4,000.00 USD from each of the five Chinese nationals.

8. After their arrival, defendant WEI LIN made the four Chinese females sign a contract.

9. On or about September 10, 2010, defendant WEI LIN gave the four Chinese females employment that was different from what had been described to them while they were in China.

10. Defendant WEI LIN never provided employment to M.Z.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS TWO—SIX**
[18 U.S.C. §§ 2 & 1351]
Foreign Labor Contracting Fraud

11. The Grand Jury re-alleges, adopts, and incorporates by reference the allegations contained in paragraphs one (1) through ten (10) as if fully set forth herein.

12. From on or about July 18, 2010, to on or about September 10, 2010, in the District of the Northern Mariana Islands and elsewhere, defendant WEI LIN and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly and with the intent to defraud, recruited, solicited, and hired a person from China, as identified by count below, and did so for the purpose of said person's employment in the United States by means of materially false and fraudulent pretenses, representations, and promises regarding that employment.

Count Two: E.W.

Count Three: X.Z.

Count Four: P.C.

Count Five: H.Z.

Count Six: M.Z.

All in violation of Title 18, United States Code, Sections 2 and 1351.

**COUNT SEVEN**
[8 U.S.C. § 1324(a)(1)(A)(iv), (v)(I) & (B)(i)]
Alien Smuggling Conspiracy—Encouraging

13. The Grand Jury re-alleges, adopts, and incorporates by reference the allegations contained in paragraphs one (1) through twelve (12) as if fully set forth herein.

Introduction to the Alien Smuggling Conspiracy—Encouraging

14. On November 28, 2009, the CNMI began a transition into federal immigration law under the Consolidated Natural Resources Act of 2008. Since the start of the transitionary period, and at all times relevant to this Indictment, the United States Department of Homeland Security has exercised its discretion to parole Chinese nationals into the CNMI as tourists. Under the parole program, Chinese nationals could be paroled into the CNMI as tourists for business or pleasure for a temporary period of time. To be granted parole, an arriving Chinese tourist must have: a) been a national of China; b) been solely entering and staying in the CNMI for a period not to exceed forty-five days; c) been in possession of a round trip airline ticket that is nonrefundable and nontransferable and bears a confirmed departure date not exceeding forty-five days from the date of entry into the CNMI; d) been in possession of a completed and signed Guam-CNMI Visa Waiver Information form (CBP Form I-736); e) been in possession of a completed I-94, Arrival-Departure Record (CBP Form I-94); and f) been in possession of a valid unexpired ICAO-compliant, machine readable passport. Chinese visitors who were paroled under the program could not engage in local

employment or labor for hire, and could not overstay the length of their parole. Chinese nationals could lawfully work in the CNMI only if the United States authorized their employment. United States Customs and Border Protection (CBP) officers were stationed at the Saipan International Airport to, among other things, determine whether an arriving Chinese tourist could be paroled into the CNMI, and, if so, for how long. To make this determination, CBP officers conducted an immigration inspection of arriving Chinese tourists.

The Alien Smuggling Conspiracy—Encouraging

15. From on or about July 18, 2010, and continuing to on or about November 6, 2010, defendant WEI LIN and others known and unknown to the Grand Jury, knowingly and willfully conspired and agreed together and with each other to commit the substantive offenses alleged and described in Counts Eight (8) through Twelve (12)—that is, defendant WEI LIN conspired with others to encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that the alien's coming to, entering, and residence in the United States was or would be in violation of law, and for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) & (a)(1)(B)(i).

The Manner and Means of the Alien Smuggling Conspiracy—Encouraging

16. Defendant WEI LIN, and other members of the conspiracy, recruited the five Chinese nationals to come to the CNMI to work and reside in the CNMI as tourists in violation of the parole program.

17. Defendant WEI LIN, and other members of the conspiracy, informed the five Chinese

nationals that they would be able to work in the CNMI and obtain work visas after their arrival.

18. Defendant WEI LIN, and other members of the conspiracy, informed one or more of the five Chinese nationals to tell immigration officers that they were arriving as tourists.

19. On or about August 4, 2010, E.W. flew to the CNMI from China and obtained temporary parole into the CNMI as a tourist.

20. On or about August 17, 2010, X.Z. flew to the CNMI from China and obtained temporary parole into the CNMI as a tourist.

21. On or about September 7, 2010, P.C., H.Z., and M.Z. flew to the CNMI from China and obtained temporary parole into the CNMI as tourists.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I) & (a)(1)(B)(i).

**COUNTS EIGHT—TWELVE**
[8 U.S.C. § 1324(a)(1)(A)(iv), (v)(II) & (B)(i)]
Alien Smuggling—Encouraging

22. The Grand Jury re-alleges, adopts, and incorporates by reference the allegations contained in paragraphs one (1) through twenty-one (21) as if fully set forth herein.

23. From July to November of 2010, within the District of the Northern Mariana Islands and elsewhere, defendant WEI LIN and others known and unknown to the Grand Jury, aiding and abetting each other, did encourage and induce the alien named below by count to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that the alien's coming to, entering, and residence in the United States was or would be in violation of law, and for the purpose

of commercial advantage and private financial gain, that is, by promising the alien employment in the United States and bringing the alien to the CNMI as a tourist under the parole program.

Count Eight: E.W.

Count Nine: X.Z.

Count Ten: P.C.

Count Eleven: H.Z.

Count Twelve: M.Z.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), (a)(1)(A)(v)(II) & (a)(1)(B)(i).

**COUNT THIRTEEN**
[8 U.S.C. § 1324(a)(1)(A)(iii), (v)(I) & (B)(i)]
Alien Smuggling Conspiracy—Harboring

24. The Grand Jury re-alleges, adopts, and incorporates by reference the allegations contained in paragraphs one (1) through twenty-three (23) as if fully set forth herein.

The Alien Smuggling Conspiracy—Harboring

25. From on or about August 4, 2010, and continuing to on or about November 6, 2010, defendant WEI LIN and others known and unknown to the Grand Jury, knowingly and willfully conspired and agreed together and with each other to commit the substantive offenses alleged and described in Counts Fourteen (14) through Eighteen (18)—that is, defendant WEI LIN, knowing and in reckless disregard of the fact that an alien had come to, entered, and remained in the United

States in violation of law, conspired to conceal, harbor, and shield from detection such alien in any place, and for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) & (a)(1)(B)(i).

The Manner and Means of the Alien Smuggling Conspiracy—Harboring

26. Defendant WEI LIN, with help from others, recruited the five Chinese nationals to come to the CNMI to work and reside in the CNMI as tourists in violation of the parole program, and housed them for their employment after they arrived in the CNMI and after their parole had expired.

27. On or about August 27, 2010, E.W.'s parole expired.

28. On or about September 23, 2010, X.Z.'s parole expired.

29. On or about September 17, 2010, H.Z.'s parole expired.

30. On or about September 17, 2010, P.C.'s parole expired.

31. On or about October 17, 2010, M.Z.'s parole expired.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I) & (a)(1)(B)(i).

**COUNTS FOURTEEN—EIGHTEEN**
[8 U.S.C. § 1324(a)(1)(A)(iii), (v)(II) & (B)(i)]
Alien Smuggling—Harboring

32. The Grand Jury re-alleges, adopts, and incorporates by reference the allegations contained in paragraphs one (1) through thirty-one (31) as if fully set forth herein.

33. From on or about August 4, 2010, to on or about November 6, 2010, within the

District of the Northern Mariana Islands, defendant WEI LIN and others known and unknown to the Grand Jury, aiding and abetting each other, knowing and in reckless disregard of the fact that the alien named below by count had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain, that is, by housing the alien after the alien had arrived in violation of the parole program and after the alien's parole had expired.

Count Fourteen: E.W.

Count Fifteen: X.Z.

Count Sixteen: P.C.

Count Seventeen: H.Z.

Count Eighteen: M.Z.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii), (a)(1)(A)(v)(II) & (a)(1)(B)(i).

A TRUE BILL.

Dated this 29th day of September, 2011.

[signature]
FOREPERSON

ALICIA A.G. LIMTIACO
United States Attorney
Districts of Guam & the Northern Mariana Islands

By: [signature]
Kirk W. Schuler
Assistant United States Attorney